IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CANYON CREEK VILLAGE | § | |
| CONDOMINIUMS HOMEOWNERS | § | |
| ASSOCIATION, INC. | § | |
| | § | |
| V. | § | Civil Action No. 5:17-cv-406 |
| | § | |
| MID-CENTURY INSURANCE | § | |
| COMPANY | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

Plaintiff CANYON CREEK VILLAGE CONDOMINIUMS HOMEOWNERS ASSOCIATION, INC. ("Canyon Creek") ("Plaintiff") files this Original Complaint against Defendant MID-CENTURY INSURANCE COMPANY ("Mid-Century" or "Carrier") and would respectfully show the following:

**Parties**

1.     Canyon Creek is a domestic nonprofit corporation in the State of Texas.

2.     Upon information and belief, Mid-Century Insurance Company is a foreign fire and casualty insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Mid-Century regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  Mid-Century may be served with process by serving **Chanda Sperry, 15700 Long Vista Drive, Austin, Texas 78728-3822**.

**Venue & Jurisdiction**

1

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this action concerns real property located in Bexar County, Texas, and all or a substantial part of the events giving rise to the claims described herein occurred in Bexar County. In particular, the insurance policy at issue and of which Plaintiff is a beneficiary was to be performed in Bexar County, Texas and the losses under the policy (including payments to be made to Plaintiff under the policy) were required to be made in Bexar County, Texas.   Further, investigation, including communications to and from Defendant and Plaintiff (including telephone calls, mailings, and other communications to Plaintiff) occurred in Bexar County, Texas.

<u>**Factual Background**</u>

5.      On or before April 12, 2016, Plaintiff entered into a contract with Mid-Century whereby Mid-Century would provide property insurance for the structures at 1305 Golden Bear, San Antonio, Texas 78248 ("Property") in exchange for the timely payment of premiums under Policy No. 0605883762 ("Policy").  The Policy was sold by Mid-Century to Canyon Creek as the insured under the Policy and provides coverage for the Property resulting from the wind and hail storm.

6.     On or about April 12, 2016, the Properties were substantially damaged by a severe hail storm that struck Bexar County.  As a result, the roofs and exteriors of the Property were substantially damaged.  Immediately upon discovering the damages, Plaintiff filed insurance claims under the Policy with Mid-Century for damages to the Properties caused by the wind and hail storm. Plaintiff asked that the cost of repairs be covered pursuant to the Policy.

7.     Mid-Century is the insurer on the properties. Mid-Century assigned adjusters, consultants, and agents to Plaintiff's files that were inadequate and improperly trained.  Specifically, Mid-Century assigned the claim to Joe Bartlett as the adjuster with decision-making authority over Canyon Creek's property claim. The claim was later assigned to Mr. Darrell O'Connor as the adjuster with decision-making authority over Canyon Creek's property claim.  Mr. Bartlett and/or Mr. O'Connor were charged with the responsibility of adjusting the claim and assessing damages under the Policy.  These adjusters were improperly trained for this type of claim.  Mr. Bartlett and/or Mr. O'Connor performed a haphazard inspection of the Property on May 2, 2016, May 3, 2016, and January 10, 2017 and prepared an estimate of damages to the structure which grossly undervalued and ignored obvious damages to the Property.  Mid-Century relied on Mr. Bartlett and/or Mr. O'Connor's incomplete and inadequate investigation in making coverage decisions under the Policy and deciding what amounts to pay.  Mr. Bartlett and/or Mr. O'Connor performed an unreasonable and inadequate investigation and ignored damages to the Property.  Further, Mr. Bartlett and/or Mr. O'Connor failed to

engage appropriate consultants to evaluate the damages. Mr. Bartlett and/or Mr. O'Connor performed an incomplete investigation and, as a result, Canyon Creek was not paid for all the damages under the Policy.

9.      Mr. Bartlett and/or Mr. O'Connor conducted an unreasonable and inadequate investigation and refused to acknowledge obvious damage to the structures.  They also grossly undervalued what damage they did accept.  Mid-Century's coverage decisions relied on these adjusters' inadequate investigation and representations. Mid-Century and these adjusters represented to Canyon Creek that certain damages were not covered under the Policy when in fact they were.  On May 4, 2016, Defendant denied what was due and owed under the Policy.  To this day, Defendant has refused to pay the remaining amounts.

10.     Mid-Century and these adjusters denied and delayed Canyon Creek's claim for damages.  Furthermore, Defendant has underestimated damages during their investigation.  Defendant has chosen to continue to deny and delay timely payment of the damages.  As a result, Canyon Creek has not been fully paid under the Policy provided by Mid-Century since the event.

11.     As a result of Defendant's acts and/or omissions, Canyon Creek was required to retain an attorney to prosecute its claims for insurance benefits.

12.     Unfortunately, Defendant has delayed payment for Canyon Creek's necessary and covered property repairs and damages under its own insurance policy.  Given the repeated delays of payment, Canyon Creek has been subjected to significant economic impact, worry, distress, and continuing economic and

physical damage.  In addition, Canyon Creek has suffered financial harm and damage as a result of Defendant's denial and repeated delays.  The significant effect of Defendant's wrongful and unjustified delays, however, is still uncompensated.

### FIRST CAUSE OF ACTION---Violations of Texas Insurance Code

13.    Canyon Creek re-alleges and incorporates each allegation contained in Paragraphs 1-12 of this Petition as if fully set forth herein.

14.    Mid-Century failed to attempt to effectuate a prompt, fair, and equitable settlement of a claims with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

15.    Mid-Century failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policy.

16.    Mid-Century failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claims, in violation of Texas Insurance Code Section 541.060 (a)(3).

17.    Mid-Century refused to pay the claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

18.    Mid-Century misrepresented the insurance policy under which it affords property coverage to Canyon Creek, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).  Mid-Century misrepresented the insurance policy to Canyon Creek, by making an

untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

19.     Mid-Century misrepresented the insurance policy under which it affords property coverage to Canyon Creek by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).   Defendant misrepresented the insurance policy to Canyon Creek by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

20.     Mid-Century misrepresented the insurance policy under which it affords property coverage to Canyon Creek by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Defendant misrepresented the insurance policy to Canyon Creek by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

21.     Mid-Century knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## SECOND CAUSE OF ACTION---Prompt Payment of Claim

22.     Canyon Creek re-alleges and incorporates each allegation contained in Paragraphs 1-21 of this Petition as if fully set forth herein.

23.     Mid-Century failed to acknowledge receipt of the claims in violation of Texas Insurance Code Section 542.055 (a)(1).

24.     Mid-Century failed to timely commence investigation of the claims or to request from Canyon Creek any additional items, statements or forms that Mid-Century reasonably believe to be required from Canyon Creek in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

25.     Mid-Century failed to notify Canyon Creek in writing of the acceptance or rejection of the claims not later than the 15th business day after receipt of all items, statements and forms required by Defendant in violation of Texas Insurance Code Section 542.056(a).

26.     Mid-Century delayed payment of Canyon Creek's claims in violation of Texas Insurance Code Section 542.058(a).

## THIRD CAUSE OF ACTION---Statutory Interest

27.     Canyon Creek re-alleges and incorporates each allegation contained in Paragraphs 1-26 of the Petition as if fully set forth herein.

28.     Canyon Creek makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

## FOURTH CAUSE OF ACTION---Breach of Contract

29.     Canyon Creek re-alleges and incorporates each allegation contained in Paragraphs 1-28 of the Petition as if fully set forth herein.

30.     Mid-Century breached its contracts with Canyon Creek.  As a result of Mid-Century's breach, Canyon Creek suffered legal damages.

## FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing

32.     Canyon Creek re-alleges and incorporates each allegation contained in Paragraphs 1-31 of the Petition as if fully set forth herein.

33.     Mid-Century, as the properties coverage insurer, had a duty to deal fairly and in good faith with Canyon Creek in the processing of the claim.  Mid-Century breached this duty by refusing to properly investigate and effectively denying insurance benefits.  Mid-Century knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of Mid-Century's breach of these legal duties, Canyon Creek suffered legal damages.

## SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith

34.     Canyon Creek re-alleges and incorporates each allegation contained in Paragraphs 1-33 of this Petition as if fully set for herein.

35.     Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Canyon Creek's claims for benefits.  Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless

proceeded with conscious indifference to the rights, safety, or welfare of Canyon Creek.

### SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA

36.    Canyon Creek re-alleges and incorporates each allegation contained in Paragraphs 1-35 of this Complaint as if fully set forth herein.

37.    The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.  Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA.  Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

### KNOWLEDGE

38.    Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Canyon Creek's damages.

### RESULTING LEGAL DAMAGES

39.    Canyon Creek is entitled to the actual damages resulting from the Defendant's violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Canyon Creek; lost credit reputation; and the other actual damages permitted by law.  In addition, Canyon Creek is entitled to exemplary damages.

40.     As a result of Defendant's acts and/or omissions, Canyon Creek has sustained damages in excess of the minimum jurisdictional limits of this Court.

41.     Canyon Creek is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

42.     Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Canyon Creek to the attorneys' fees, treble damages, and other penalties provided by law.

43.     Canyon Creek is entitled to statutory interest on the amount of their claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

44.     As a result of Defendant's acts and/or omissions, Canyon Creek has sustained damages in excess of the jurisdictional limits of this Court.

45.     Canyon Creek is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

46.     Canyon Creek is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest

as allowed by law, costs of suit, and all other relief, at law or in equity, to which

Plaintiff may be entitled.

Respectfully submitted,

**RAIZNER SLANIA LLP**

_____

JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554.9098
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____

**JEFFREY L. RAIZNER**